1

2

3

4

5          UNITED STATES DISTRICT COURT

6         EASTERN DISTRICT OF WASHINGTON

7   JENNIFER COLLEY and CURTIS
    COLLEY, and the marital community          NO: 2:15-CV-0170-TOR
8   composed thereof; and COLLEY
    MANAGEMENT, INC., a Washington            ORDER GRANTING DEFENDANTS'
9   Corporation;                             MOTION TO DISMISS

10                         Plaintiffs,

11         v.

12  JAMES McCULLAR and CAROLYN
    McCULLAR, and the marital
13  community composed thereof; and
    KYLE ROWTON AND DARLA
14  ROWTON, and the marital community
    composed thereof;
15
                           Defendants.
16

17        BEFORE THE COURT are Defendants' Motion and Memorandum of Law

18  in Support of Abstention or Stay of Proceedings (ECF No. 14) and Motion and

19  Memorandum of Law in Support of Dismissal for Lack of Jurisdiction (ECF No.

20  27). These matters were submitted for consideration without oral argument. This

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS ~ 1

Court—having reviewed the completed briefing, records, and files therein—is fully informed.

## BACKGROUND

Plaintiffs commenced this action on July 9, 2015. ECF No. 1. On November 12, 2015, this Court, finding the Complaint failed to adequately assert diversity jurisdiction, ordered Plaintiffs to show cause why this case should not be dismissed for lack of subject matter jurisdiction. ECF No. 17. Plaintiffs filed their Amended Complaint on November 18, 2015, alleging complete diversity of all the parties. ECF No. 21.

In the instant motions before the Court, Defendants seek to dismiss this action for lack of jurisdiction. ECF No. 27. Alternatively, Defendants move this Court to abstain from exercising jurisdiction because of a concurrent state court proceeding. ECF No. 14.

For the following reasons, this Court finds it lacks jurisdiction over this suit and dismisses it on that basis.

## FACTS

The crux of the parties' jurisdictional dispute concerns the domicile of Defendants James and Carolyn McCullar: Defendants maintain the McCullars are domiciled in Washington and have been since 2004; Plaintiffs contend the McCullars changed their domicile to Arizona before this suit commenced.

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS ~ 2

James McCullar moved to Washington in 1966 and remained here until 1991. ECF No. 28 ¶ 3. Between 1991 and 2004, Mr. McCullar lived in Oregon as a result of his job transfer. *Id.* In 2004, upon Mr. McCullar's retirement, the McCullars moved to Soap Lake, Washington. *Id.* Mr. McCullar was served with a copy of the Summons and Complaint in this action on July 16, 2015, at his residence in Soap Lake, Washington. *Id.* ¶ 5. And, in response to an inquiry from the process service, Mr. McCullar represented that the Soap Lake address was his residence and usual place of abode. *Id.*

The McCullars purchased a second home in Arizona in 2014. *Id.* ¶ 4. They have spent a significant amount of time in Arizona, primarily during the colder months of the year. *Id.* Indeed, in their state court complaint, filed by the McCullars on May 15, 2015, they stated that they were currently residents of Mojave County, Arizona, ECF No. 33-1 at 3, and there is some evidence that they have considered becoming primary residents of that state, ECF Nos. 32 ¶ 3; 32-1. However, also in the spring of 2015, the McCullars filed a nonresident tax return in Arizona. ECF No. 28 ¶ 3.

## DISCUSSION

### A. Standard of Review

When addressing a motion to dismiss for lack of subject matter jurisdiction, the court is not bound by the plaintiff's factual allegations. Pursuant to Rule

12(b)(1), the Court "may 'hear evidence regarding jurisdiction' and 'resolv[e] factual disputes where necessary.'" *Robinson v. United States*, 586 F.3d 683, 685 (9th Cir. 2009) (quoting *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983)). A Rule 12(b)(1) motion may be either facial, where the court's inquiry is limited to the allegations in the complaint; or factual, where the court may look beyond the complaint to consider extrinsic evidence. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). "If the moving party 'converts the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction.'" *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004) (quoting *Safe Air for Everyone*, 373 F.3d at 1039). Accordingly, in deciding jurisdictional issues, the court is not bound by the factual allegations within the complaint. *Augustine*, 704 F.2d at 1077.

**B. Diversity Jurisdiction**

Pursuant to 28 U.S.C. § 1332(a)(1), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." "Section 1332 requires *complete* diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants."

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS ~ 4

*Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) (emphasis added) (citing *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996)). "[T]he party asserting diversity jurisdiction bears the burden of proof." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857-58 (9th Cir. 2001). Generally, the court's jurisdiction is determined at the time of filing. *Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 570-71 (2004).

For purposes of diversity jurisdiction, an individual is a citizen of his or her state of domicile. *Munoz v. Small Bus. Admin.*, 644 F.2d 1361, 1365 (9th Cir. 1981). It has long been recognized that a person's residence is not necessarily his domicile; whereas an individual may have multiple residences, he or she has only one domicile. *Martinez v. Bynum*, 461 U.S. 321, 339-40 (1983); *Kanter*, 265 F.3d at 857 ("A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state.").

"A domicile once acquired is presumed to continue until it is shown to have been changed." *Mitchell v. United* States, 88 U.S. 350, 353 (1874); *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986) (noting that courts have created a presumption in favor of an established domicile as against a newly acquired one). A person's domicile changes when he is both physically present in, *and* evinces an intention to remain indefinitely in, a different state. *Lew*, 797 F.2d at 750 (discussing factors

that help determine domicile, including current residence, voting registration, tax returns, and driver's license).

Here, Plaintiffs have failed to demonstrate that the McCullars have changed their domicile from Washington to Arizona. In response to Defendants' jurisdictional challenge, Plaintiffs assert that (1) the McCullars admitted in a state court pleading that they were "residents" of Arizona at the time it was filed in May 2015, ECF No. 33-1 at 3; (2) a March 2013 email from Norman Brock, the McCullars' attorney, mentioned that the McCullars were "discussing the possibility of . . . becoming Arizona residents," ECF No. 32-1 at 2; and (3) James McCullar told Plaintiff Jennifer Colley that he was permanently relocating to Arizona, ECF No. 32 ¶ 3. At most, this evidence demonstrates that the McCullars have a residence in Arizona and previously considered the *possibility* of becoming permanent residents of that state. However, the law is clear that an individual's residence does not necessarily equate to his domicile. *See Martinez*, 461 U.S. at 339.

In contrast, Mr. McCullar's declaration asserts that Washington has been the McCullars' domicile since 2004 and their usual place of abode is in Soap Lake, Washington. ECF No. 28 at 2-3. While they bought a second home in Arizona in 2014, they filed a nonresident tax return in that state last spring, shortly before this suit commenced. *Id.*

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS ~ 6

1    Accordingly, based on the filings before the Court, this Court finds

2    insufficient proof to demonstrate that the McCullars abandoned their Washington

3    domicile in favor of Arizona. While Mr. McCullar's statements of intent would

4    generally be entitled to little weight if contradicted by objective facts, *see Lew*, 797

5    F.2d at 750, Plaintiffs' evidence does not actually contradict these statements. This

6    Court notes there is a dearth of evidence in the record regarding the domicile

7    factors, such as voter registration, driver's license, automobile registration, or bank

8    accounts. Rather, the evidence put forth discusses the possibility of the McCullars'

9    becoming permanent residents of Arizona; the undisputed fact that they have a

10   residence there, in addition to their Soap Lake, Washington, residence; the

11   McCullars' filing of a nonresident Arizona tax return in the spring before this law

12   suit commenced; and Mr. McCullar's assertion that his domicile remains in

13   Washington. On balance, the Court finds Plaintiffs have not met their burden to

14   show change of domicile and thus the McCullars remain domiciled in Washington.

15   Having found that the McCullars are domiciled in Washington, this Court

16   further finds that the parties lack complete diversity for purposes of federal

17   diversity jurisdiction. Plaintiff Colley Management, Inc., is deemed a citizen of the

18   State of Washington because it is incorporated and doing business in Washington.

19   *Munoz*, 644 F.2d at 1365 ("A corporation is deemed to be a citizen of the state of

20   incorporation and the state of its principal place of business."); *see* ECF No. 21 at

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS ~ 7

2. Because Plaintiff Colley Management, Inc., and the McCullar Defendants share the same Washington citizenship, complete diversity of citizenship is lacking.[1] Accordingly, as this Court lacks subject matter jurisdiction over this suit, Defendants' motion to dismiss is granted and this matter is dismissed.

**ACCORDINGLY, IT IS ORDERED:**

1.  Defendants' Motion and Memorandum of Law in Support of Abstention or Stay of Proceedings (ECF No. 14) is **DENIED** as moot.

2.  Defendants' Motion and Memorandum of Law in Support of Dismissal for Lack of Jurisdiction (ECF No. 27) is **GRANTED.** This matter is dismissed for lack of subject matter jurisdiction.

The District Court Executive is directed to enter this Order, provide copies to counsel, enter **JUDGMENT** for Defendants, and **close** the file.

**DATED** March 9, 2016.

THOMAS O. RICE
Chief United States District Judge

---

[1] Plaintiffs' causes of action are all made pursuant to state law; thus, this Court also lacks federal question jurisdiction.

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS ~ 8